FILED

APR 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50518 |
| Plaintiff - Appellee, | D.C. No. 2:07-CR-00749-VBF-1 |
| v. | |
| STEVEN EMORY BUTCHER, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted April 8, 2010
Pasadena, California

Before: PREGERSON and THOMPSON, Circuit Judges, and CONLON,[**] District
Judge.

Steven Emory Butcher was convicted of two counts of willfully and without

authority setting fire to federal land, in violation of 18 U.S.C. § 1855, as well as

three misdemeanor offenses. The convictions stem from wildfires Butcher started

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

in Los Padres National Forest in 2002 and 2006. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm his convictions and sentence. The parties are familiar with the facts of this case, so we repeat them here only as necessary.

Butcher argues some of his convictions overlap to such a degree that they violate his rights under the Fifth Amendment's Double Jeopardy Clause. Because he raises this issue for the first time on appeal, we review for plain error. *United States v. Schales*, 546 F.3d 965, 977 (9th Cir. 2008). Contrary to Butcher's contention, 18 U.S.C. § 1855 and 36 C.F.R. § 261.52(a) are separate and distinct offenses because each "requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Section 1855 requires proof that a defendant *willfully* started a fire; § 261.52(a) does not. *United States v. Velte*, 331 F.3d 673, 677 n. 1 (9th Cir. 2003). Section 261.52(a) requires proof that a defendant violated a specific Forest Service prohibition against setting fires; § 1855 does not. *Id.* at 677-78. Butcher's argument that § 1855 is a lesser-included offense of 36 C.F.R. § 261.5(e) is equally unavailing. Section 1855 requires proof of an element not found in § 261.5(e), namely that a fire be started "without authority."[1] We find no error, let alone plain error, in Butcher's multiple convictions.

2

We review the district court's determination of the amount of loss for clear error. *United States v. Santos*, 527 F.3d 1003, 1006 (9th Cir. 2008). The district court determined that Butcher was responsible for $228,000 in losses, one of several alternative amounts proposed by Butcher himself. We are not persuaded by Butcher's argument that the district court erred in including fire suppression costs in the loss calculation. There was sufficient evidence in the record to conclude that Butcher knew or should have known that fire suppression expenditures were a reasonably foreseeable result of his actions. *See United States v. Warr*, 530 F.3d 1152, 1158-59 (9th Cir. 2008).

Butcher's contention that the district court impermissibly enhanced his sentence based on a loss amount not determined by the jury is squarely foreclosed. *See United States v. Hickey*, 580 F.3d 922, 932 (9th Cir. 2009). The same is true of Butcher's as-applied Sixth Amendment challenge to his sentence. *See United States v. Treadwell*, 593 F.3d 990, 1016-18 (9th Cir. 2010).

Finally, we reject Butcher's argument that the district court erred by including fire suppression costs in the restitution order. The Forest Service incurred the suppression costs as a direct result of Butcher's offenses. The causal chain does "not extend so far, in terms of the facts or the time span, as to become

3

unreasonable." *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 928 (9th Cir. 2001).

**AFFIRMED.**

1. At the time of his conviction, 36 C.F.R. § 261.5(e) merely prohibited "[a]llowing a fire to escape from control." Subsequently, the provision was amended to prohibit "[c]ausing and failing to maintain control of a fire that is not a prescribed fire that damages the National Forest System." We do not address the question of whether the amended provision raises double jeopardy issues when paired with a conviction under 18 U.S.C. § 1855.